UNITED STATES DISTRIC COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
KAI HUNTE,

                                    Plaintiff,              **Caso No.** 1:25-cv-6313

            -against-

RICHARD SCOTT ENTERPRISES, INC.
d/b/a SEDUTTO and 1496-1498 FIRST              **COMPLAINT AND DEMAND**
AVENUE, LLC,                                      **FOR JURY TRIAL**

                                    Defendants
-------------------------------------------------------------x

Plaintiff Kai Hunte (hereafter referred to as "plaintiff"), by counsel, Gabriel A. Levy, P.C., as and

for the Complaint in this action against defendants Richard Scott Enterprises, Inc. d/b/a Sedutto and

1496-1498 First Avenue, LLC (together referred to as "defendants"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1.        This lawsuit challenges systemic and ongoing disability discrimination

committed by the defendants. Plaintiff brings this action to obtain injunctive, declaratory, and

equitable relief, as well as compensatory damages, attorneys' fees, costs, and expenses, in

response to the defendants' failure to comply with federal, state, and local disability access

laws. Specifically, the claims arise under Title III of the Americans with Disabilities Act, 42

U.S.C. §§ 12181 et seq., the New York State Executive Law § 296, the New York State Civil

Rights Law § 40, and the New York City Human Rights Law, Administrative Code § 8-107.

The defendants own, lease, lease to, operate, and control a public-facing business that remains

physically inaccessible to individuals with disabilities, in violation of each of these statutes.

Defendants are also liable for the conduct of their employees and agents under established

principles of vicarious liability.

2.        Rather than invest in accessibility, defendants chose to ignore long-standing

1

legal obligations designed to ensure that people with disabilities have the same opportunities to access public accommodations as non-disabled individuals. That choice has legal consequences. This action seeks to compel the defendants to bring their business into compliance with the law so that plaintiff, like any other customer, can access it without discrimination.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1343, as the claims arise under federal law, specifically the Americans with Disabilities Act. The Court also has supplemental jurisdiction over the plaintiff's related claims under the New York State and New York City Human Rights Laws pursuant to 28 U.S.C. § 1367, as those claims are part of the same case or controversy.

4.      Venue is proper in this District under 28 U.S.C. § 1391(b), because the acts and omissions giving rise to the claims occurred within this District. Defendants operate a public accommodation located in this District, and the plaintiff's injury took place here.

## PARTIES

5.      Plaintiff Kai Hunte is an individual with a disability who resides in New York County. He uses a wheelchair for mobility and brings this action based on his personal experience encountering physical access barriers at defendants' public-facing business. He is a qualified individual with a disability within the meaning of all relevant statutes and seeks to enforce the civil rights guaranteed to him under federal, state, and local law.

6.      Defendant Richard Scott Enterprises, Inc. does business as Sedutto, an ice cream store that serves the public from a physical location in Manhattan. It is a place of public

accommodation within the meaning of Title III of the Americans with Disabilities Act. The business is also subject to the accessibility requirements imposed by the New York State and New York City Human Rights Laws.

7.      Defendant 1496-1498 First Avenue, LLC is the owner of the building where Sedutto operates. As the landlord and lessor of the commercial space, it is jointly responsible for ensuring that the premises comply with accessibility standards and are equally usable by individuals with disabilities.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

8.      On or about June 25, 2025, plaintiff visited Sedutto, located at 1498 First Avenue in Manhattan. The business is situated at street level and is open to the public.

9.      Plaintiff attempted to access the store to purchase ice cream using his wheelchair but was met with physical barriers that made entry impossible.

10.     The primary entrance features a single step with no ramp or alternative accessible route. There are no posted signs indicating the presence of an accessible entrance, nor are there any staff available to assist with entry. As a result, plaintiff was unable to enter the premises and was excluded from participating in the goods and services offered inside.

11.     Defendants operate the store in a highly trafficked and densely populated neighborhood in New York City. The business is open to the public and depends on foot traffic, including customers with disabilities. Despite this, no effort has been made to provide equal access to individuals who use wheelchairs or have mobility impairments.

12.     The architectural barriers at issue are permanent features of the property and have existed for years. On information and belief, there has been no attempt to remove or

modify these barriers, nor have defendants provided any alternative means of access. Defendants have continued to operate the business while knowingly maintaining a physical environment that excludes wheelchair users.

13.    Plaintiff resides in the same borough as the Sedutto location and intends to return to the area again in the future. However, so long as the barriers remain in place, plaintiff cannot safely and independently access the premises. Without court intervention, the discriminatory conditions will persist.

## FIRST CAUSE OF ACTION

### (VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)

14.    Plaintiff reasserts and incorporates all prior allegations.

15.    Sedutto is a place of public accommodation as defined by 42 U.S.C. § 12181(7), and is subject to the requirements of Title III of the Americans with Disabilities Act. As the operators and owners of the facility, defendants are obligated under 42 U.S.C. § 12182 to ensure that individuals with disabilities are not denied equal access to goods and services on the basis of architectural barriers or inaccessible design.

16.    The entrance to Sedutto is not wheelchair accessible. A step at the front door creates a physical obstruction for anyone using a wheelchair, and there is no ramp, lift, or signage offering an alternative means of entry. This failure constitutes a denial of full and equal enjoyment of a place of public accommodation in violation of 42 U.S.C. § 12182(b)(2)(A)(iv), which requires the removal of architectural barriers where it is readily achievable to do so.

17.    In addition, defendants have not made reasonable modifications to policies or practices to accommodate individuals with disabilities, nor have they taken steps to ensure effective communication or alternative access. Their continued operation of a business that

excludes wheelchair users is unlawful under the ADA.

18.     Plaintiff seeks declaratory and injunctive relief to compel defendants to comply with the ADA, along with reasonable attorneys' fees, costs, and expenses pursuant to 42 U.S.C. § 12205.

## SECOND CAUSE OF ACTION

## (VIOLATIONS OF THE NEW YORK STATE EXECUTIVE LAW)

19.     Plaintiff repeats and incorporates all previous allegations.

20.     Under the New York State Human Rights Law, it is an unlawful discriminatory practice for any owner, lessee, or operator of a public accommodation to withhold or deny access to individuals with disabilities. The defendants' conduct violates Executive Law § 296(2)(a), which requires places of public accommodation to be made accessible to persons with disabilities, including those with mobility impairments.

21.     Defendants operate a place of public accommodation that is physically inaccessible to wheelchair users, and have taken no steps to remove or modify the architectural barriers that prevent equal access. Despite being fully aware of their obligations under state law, defendants have failed to act, and continue to operate in a manner that excludes people with disabilities from their services.

22.     This exclusion is not the result of isolated oversight or inadvertent design. It reflects a systemic failure to comply with accessibility standards and demonstrates a disregard for the rights of individuals with disabilities.

23.     As a result of defendants' unlawful conduct, plaintiff has been injured and is entitled to compensatory damages, injunctive relief, and reasonable attorneys' fees and costs under the New York State Human Rights Law.

**THIRD CAUSE OF ACTION**

**(VIOLATIONS OF THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK)**

24.     Plaintiff repeats and realleges all prior statements.

25.     The New York City Human Rights Law provides broad protections against discrimination, requiring public accommodations to ensure full and equal access for individuals with disabilities. Under Administrative Code § 8-107(4)(a), it is unlawful for any person or entity that owns, leases, or operates a place of public accommodation to discriminate against a person based on disability, including by failing to remove barriers to access.

26.     Defendants' failure to provide an accessible entrance to Sedutto constitutes a clear violation of this provision. The step at the front door and the absence of an accessible alternative restrict plaintiff's ability to enter and use the facility. This exclusion is discriminatory and unlawful under city law.

27.     The New York City Human Rights Law imposes an affirmative duty on businesses to provide reasonable accommodations and to proactively address known accessibility issues. Defendants have not satisfied this obligation, and plaintiff has been denied access to a public accommodation as a result.

28.     Plaintiff is entitled to injunctive relief, compensatory damages, civil penalties, and attorneys' fees and costs as provided by the Administrative Code.

**FOURTH CAUSE OF ACTION**

**(VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)**

29.     Plaintiff reasserts and incorporates all prior allegations.

30.     New York Civil Rights Law § 40-c guarantees that no person shall be subjected to discrimination in their civil rights based on disability. Section 40-d further provides that any such violation is actionable and entitles the injured party to statutory penalties.

6

31.     By failing to make their place of public accommodation accessible to individuals with disabilities, defendants have violated plaintiff's civil rights under New York law. Plaintiff was denied equal use and enjoyment of a facility that is otherwise open to the public, solely because of his disability and the presence of architectural barriers.

32.     Defendants' conduct was willful and knowingly discriminatory. As a result, plaintiff is entitled to statutory damages, costs, and attorneys' fees as set forth in the Civil Rights Law.

## INJUNCTIVE RELIEF

33.     Plaintiff intends to return to Sedutto in the future and desires to do so without encountering the same physical barriers. Without a court order, there is no indication defendants will modify the premises to comply with applicable accessibility standards. Injunctive relief is necessary to require defendants to eliminate architectural barriers and provide equal access to individuals with disabilities.

## DECLARATORY RELIEF

34.     Plaintiff seeks a declaration from this Court that the defendants' conduct violates federal, state, and city laws protecting individuals with disabilities. Such a declaration will resolve the legal uncertainty surrounding the defendants' obligations and affirm plaintiff's rights under those laws.

## ATTORNEY'S FEES, EXPENSES AND COSTS

35.     As part of the relief authorized by the Americans with Disabilities Act, the New York State Human Rights Law, the New York City Human Rights Law, and the New York State Civil Rights Law, plaintiff is entitled to recover reasonable attorneys' fees, costs, and litigation expenses incurred in connection with this action.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that the Court enter a judgment against the defendants, jointly and severally, in favor of plaintiff that contains the following relief:

i.     Enter declaratory judgment declaring that defendants have violated the ADA and its implementing regulations, Executive Law and Administrative Code and declaring the rights of plaintiff as to defendants' place of public accommodation, and defendants' policies, practices and procedures;

ii.    Issue a permanent injunction ordering **defendants to close and cease all business** until defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, Executive Law and Administrative Code, including but not limited to the violations set forth above, or in the alternative, **ordering the defendants to provide a plan for compliance**;

iii.   Retain jurisdiction over the defendants until the Court is satisfied that the defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

iv.    Award of compensatory damages in an amount to be determined at trial;

v.     Award plaintiff punitive damages in order to punish and deter the defendants for their violations of the Administrative Code of the City of New York;

vi.    Award reasonable attorney's fees, costs and expenses pursuant to the Administrative Code;

vii.   Find that plaintiff is a prevailing party in this litigation and award reasonable attorney's fees, costs and expenses pursuant to the ADA; and

viii.  For such other and further relief, at law or in equity, to which plaintiff may be

8

justly entitled.

Dated: July 31, 2025

      Manhasset, New York

Respectfully submitted,

**GABRIEL A. LEVY, P.C.**
Attorney for Plaintiff
1129 Northern Blvd, Suite 404
Manhasset, NY 11030
(347) 941-4715

**By:** /s/ Gabriel A. Levy, Esq.
**GABRIEL A. LEVY, ESQ (5488655)**
Glevy@glpcfirm.com